IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR KASPER, in his own right, by and through his power of attorney, Chris Bell<br>Burlington Woods Villa<br>115 Sunset Road<br>Burlington, New Jersey 08016<br><br>    Plaintiff<br>vs.<br><br>MILFORD VALLEY CONVALESCENT HOME, INC. d/b/a MILFORD HEALTHCARE AND REHABILITATION CENTER<br>264 Route 6 and 209<br>Milford, PA, 18337<br><br>    And<br><br>GUARDIAN LTC MANAGEMENT, INC. d/b/a GUARDIAN ELDER CARE<br>8796 Route 219<br>VSI Building<br>Brockway, PA  15824-0240<br><br>    Defendants | JURY TRIAL DEMANDED<br><br>3:17-CV-1289<br><br><br><br><br><br><br><br><br><br>(ELECTRONICALLY FILED) |

## COMPLAINT

AND NOW, comes the Plaintiff, Arthur Kasper, in his own right, and by and through his power of attorney, Chris Bell, and hereby complains of the Defendants as follows:

## THE PARTIES

1.      Plaintiff Arthur Kasper is an adult individual, a citizen and resident of the state of New Jersey with a permanent address of 115 Sunset Rd., Burlington, New Jersey, 08016. His power of attorney, Chris Bell, is an adult citizen and resident of the state of New Jersey with an address of 302 Browning Lane, Cherry Hill, New Jersey 08003.

2.      Defendant Milford Valley Convalescent Home, Inc., is a corporation formed under the laws of the Commonwealth of Pennsylvania and is a citizen of Pennsylvania. It is believed and averred that Milford Valley Convalescent Home, Inc., d/b/a Milford Healthcare and Rehabilitation Center (hereinafter referred to as "Milford") offers rehabilitation services and/or skilled nursing care to individuals and has a principal place of business at 264 Route 6 and 209, Milford, Pike County, Pennsylvania.

3.      Upon information and belief, Milford is owned, controlled, maintained, managed and/or operated by Defendant Guardian LTC Management, Inc. (hereinafter "Guardian LTC") d/b/a Guardian Elder Care ("Guardian"). It is believed and therefore averred that Guardian LTC is a Pennsylvania corporation formed under the laws of the Commonwealth of Pennsylvania and is a citizen of Pennsylvania. It is further believed and therefore averred that Guardian LTC d/b/a Guardian maintains its principal place of business at 8796 Route 219, Brockway, Jefferson County, Pennsylvania.

4.      The Defendant Milford is a skilled nursing facility subject to the authority of both federal and Commonwealth of Pennsylvania regulations. Milford is subject to the regulations set forth in 42 C.F.R. part 483 *et seq.*, the Nursing Home Reform Act of 1987 and the laws of the Commonwealth of Pennsylvania set forth at 28 Pa. Code §201 *et seq.* At all times relevant

hereto, all of the Defendants were vicariously liable for the acts and omissions of their employees and staff members.

## STATEMENT OF JURISDICTION AND VENUE

5. Jurisdiction is vested in the United States District Court for the Middle District of Pennsylvania because the Plaintiff is a citizen and resident of the state of New Jersey and each of the Defendants are legal citizens and residents of the Commonwealth of Pennsylvania and the amount in controversy exceeds $75,000 dollars. Jurisdiction is invoked pursuant to 28 U.S.C. §1332 and venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391.

## STATEMENT OF OPERATIVE FACTS

6. Arthur Kasper was born on February 2, 1936 and it is 81 years old.

7. Arthur Kasper was admitted to Milford following his discharge from Orange Regional Medical Center on August 20, 2015, and was discharged from there on September 8, 2015.

8. At the time of his admission Kasper suffered from peripheral vascular disease, coronary artery disease, was recovering from a recent fem pop bypass surgery and the amputation of his left great toe.

9. The Defendant Milford, operated by Guardian LTC d/b/a Guardian received payment and reimbursement from federal and/or state funds, including the Medicare Program and, as such, is subject to and bound by 42 U.S.C.A. §1396 *et seq*; 42 C.F.R. part 483; 63 P.S. §1101 *et seq*.; and 28 Pa. Code 201 *et seq*.

10. While a resident at Milford Kasper required custodial care services, including but not limited to cleaning, feeding, hydration, wound care and repositioning to prevent pressure related skin injuries, to promote healing and to prevent infections in his several surgical sites.

11. Over the 18 days he lived at Milford, however, substantially all his medical, nursing,

custodial, wound healing, infection prevention and therapeutic care was neglected and his care needs disregarded.

12. As a result Kasper developed multiple infections, gangrene, skin breakdown, dehiscence, and deteriorations in his physical, mental and emotional well-being as well as aggravations of his underlying medical infirmities which required multiple surgeries and protracted hospitalizations.

13. Ultimately Kasper required the amputation of his left leg above the knee following protracted, costly and painful attempts to save his leg rendering him disfigured, immobile and at risk for further complications, pain and disability.

14. Said harms and losses were avoidable, or the risks thereof less had Kasper been provided care at Milford consistent with accepted standards of practice and in accord with the requirements of federal and state regulations applicable to care provided at Milford.

15. Survey results from the Pennsylvania Department of Health for the years 2014 and 2015 up to and including the discharge of Arthur Kasper from defendant's facility establish that the Pennsylvania Department of Health made numerous findings of Milford's lack of compliance with 42 C.F.R. part 483 subpart B requirements for long-term care facilities and 28 Pa. Code Commonwealth of Pennsylvania Long-term licensure regulations.

16. Among other things, the Pennsylvania Department of Health made findings of substandard care during Arthur Kasper's residency that Milford on multiple occasions failed to maintain professional standards of care and to comply with relevant regulations in caring for its residents including but not limited to failure in infection control, failure to maintain a clean and sanitary environment, failing to appropriately assess and plan for resident care, and to maintain appropriate professional standards in compliance with federal and state regulations.

17. After Kasper's discharge Pennsylvania Department of Health surveyors inspected Milford in January 2016 to investigate Kasper's care at which time they concluded Milford violated numerous regulations in his care including:

    a. Failure to timely consult his physicians regarding changes in Kasper's condition;

    b. Failing to have wound assessments performed by a properly qualified and licensed nurse for Kasper;

    c. Failing to provide appropriate and timely wound care prevention and treatment to Kasper;

    d. Failing to maintain and enforce proper infection control policies, procedures and practices in the care of Kasper.

    e. Failing to maintain a complete and accurate record of Kasper's care.

18. The owners, managers, registered nurses and supervisors of Milford were careless, reckless and negligent in failing to have the facility adequately staffed on during Kasper's residency to provide him consistent, timely and appropriate care so as to prevent, or reduce the risk of, infections, skin breakdown and deteriorations of his wellbeing and dignity

19. The Pennsylvania legislature consistent with the Health Care Facilities Act (35 P.S. §448.803) and Section 2102(g) of the Administrative Code of 1929 (71 P.S. §532(g)) has promulgated regulations applying to long-term care nursing facilities.

20. Pursuant to 201.2 of Title 28 of the Pennsylvania Code, 28 Pa. Code §201.2, the Commonwealth of Pennsylvania has incorporated by reference subpart b of the federal requirements for long term care facilities, 42 C.F.R. §483.1 through §483.75 (relating to requirements for long term care facilities) which in as aforesaid in significant part were not

followed in Kasper's care.

## CAUSES OF ACTION

### COUNT I

### Negligence

**Plaintiff Arthur Kasper, by and through his Power of Attorney, Chris Bell vs. Milford Valley Convalescent Home, Inc., d/b/a Milford Health Care Center and Guardian LTC Management, Inc., d/b/a Guardian Elder Care**

21. The Plaintiff hereby incorporates paragraphs 1 through 20 of the Complaint as though the same were set forth at length.

22. The Defendants individually, and by and through their agents, servants, supervisory personnel and employees were negligent, careless, and indifferent to the needs and well-being of the Plaintiff Arthur Kasper, and such negligence, carelessness and reckless indifference was the proximate cause of the injuries sustained by Arthur Kasper. The negligence, carelessness and reckless indifference of the Defendants and by and through their agents, servants, supervisory personnel, and employees, included, among other things, the following:

    a)     in failing to examine, clean, treat, assess, care plan and manage Kasper's surgical wounds, skin, circulation and pressure relief care to ensure that he would not suffer from clinically avoidable harm, infections and injuries;

    b)     failing to properly assess, plan for care, implement care and reassess its effectiveness for Arthur Kasper while he resided at Milford so as to assure accurate and timely care was provided to him;

    c)     failing to properly, consistently, timely and correctly record in the records Kasper's condition, changes in his condition, care provided him and other pertinent events and findings and communicate these to Kasper's physicians,

        family and other health care providers so as to assure accurate and timely care was provided to him; and

    d)     failing to turn, reposition, clean, dress, provide incontinence care, hydrate, provide nutrition, and a safe, appropriate support surface.

    e)     failing to provide sufficient, trained and knowledgeable care staff to care for Kasper;

23. Section 483.15(e)(1) of the OBRA regulations governs a facility's obligation to accommodate the needs of its residents and provides as follows:

> A resident has the right to:
>
> 1. Reside and receive services in the facility with reasonable accommodation of individual needs and preferences, except when the health or safety of the individual or other residents would be in danger.

24. Plaintiff believes and therefore avers that all the aforementioned conduct on the part of the facility and its authorized agents, servants, contractors, subcontractors, staff and/or partners and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids and those persons granted privileges at the Milford facility, constitutes a violation of Section 483.15(e)(1).

25. Section 483.20(k)(3)(i) of the OBRA regulations governs resident assessment and comprehensive care plans and provides that:

> The services provided or arranged by the facility must:
>
> (i) meet professional standards of quality.

26. The Plaintiff believes and therefore avers that all of the aforementioned conduct on the part of the facility and its authorized agents, servants, contractors, subcontractors, staff and/or

partners and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids and those persons granted privileges at the facility, constitutes a violation of Section 483.20(k)(3)(i).

27. The Plaintiff believes and therefore avers that the conduct of the facility which is vicariously liable for the conduct of its authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, whose actions have been outlined above, were deliberately indifferent to the needs of Arthur Kasper. The conduct outlined above constitutes gross negligence and deliberate indifference under the circumstances.

28. The aforementioned acts and/or omissions of the facility by and through its authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, permitted a series of acts and/or omissions ultimately resulting in all of the harm and damages caused to Arthur Kasper as outlined above.

29. In particular, the facility and its authorized agents, servants, contracts, and all those aforementioned individuals identified above, failed and neglected to:

    a)    hire careful, well-trained staff;

    b)    train the staff in a manner that would have prevented skin breakdown or the worsening of existing skin breakdown and the infection of his surgical wounds;

    c)    supervise the staff in an adequate fashion;

    d)    ensure that adequately trained staff were in fact on duty and available to provide

proper care so that the injuries and harm to Arthur Kasper's could have been avoided; and

e) administer the facility in a manner that would enable it to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psycho-social well-being of each resident, consistent with the facility's and Defendants' obligations pursuant to 42 C.F.R. §483.75 and 28 Pa. Code §201.18.

30. The Plaintiff Arthur Kasper believes and therefore avers that federal and state regulations as aforesaid enumerated specifically and by reference to the regulatory scheme itself were violated by the conduct of the facility, its authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, and that these violations constitute negligence *per se.*

31. At all times relevant hereto, Milford held itself out to the public, including Arthur Kasper, as a health care provider which purports to possess skill and knowledge in the field of nursing and medical services and agreed to provide Arthur Kasper with all of the medical attention and nursing and support services which he needed based upon his medical and physical condition while in Milford's care.

32. Each employee of Milford was the actual and/or ostensible agent of the other Defendants named in this action, specifically Guardian Elder Care and Guardian LTC Management.

33. The acts performed by each employee of Milford were undertaken on behalf of each Defendant and within the course and scope of the employee's authority and with each Defendant's knowledge and consent.

34. As a direct and proximate result of the failures of the facility and its staff as heretofore mentioned, Arthur Kasper sustained the injuries and harm as aforesaid resulting in the loss of his leg and the deterioration of his physical, mental and psycho social wellbeing.

35. As a result of the injuries sustained by Arthur Kasper he has experienced conscious pain and suffering, disfigurement, loss of life's pleasures and has incurred medical expenses for his injuries, a claim for which is hereby made.

WHEREFORE, your Plaintiff, Arthur Kasper, by and through is power of attorney, Chris Bell, demands judgment and compensatory damages against the Defendants in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. No. 238.

## COUNT II

### Respondeat Superior/Vicarious Liability

**Plaintiff Arthur Kasper, by and through his Power of Attorney, Chris Bell vs. Milford Valley Convalescent Home, Inc., d/b/a Milford Health Care Center and Guardian LTC Management, Inc. d/b/a Elder Care**

36. The Plaintiff hereby incorporates paragraphs 1 through 35 of the Complaint as though the same were set forth at length.

37. The Defendants are each of them legally responsible and liable for the conduct of their authorized agents, servants, contracts, subcontractors, staff and/or partners, and employees, including, but not limited to, nursing home administrators, nurses, certified nurses, nursing assistants, nursing aids, and those persons granted privileges at the facility, by virtue of the doctrine of *respondeat superior* and vicarious liability.

WHEREFORE, your Plaintiff, Arthur Kasper, by and through his power of attorney, Chris Bell, demands judgment and compensatory damages against the Defendants Milford

Valley Convalescent Home, Inc., d/b/a Milford Healthcare and Rehabilitation Center and Guardian LTC Management, Inc., d/b/a Guardian Elder Care, in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. No. 238.

## COUNT III

### Corporate Liability

**Plaintiff Arthur Kasper, by and through his Power of Attorney, Chris Bell vs. Milford Valley Convalescent Home, Inc. d/b/a Milford Healthcare and Rehabilitation Center and Guardian LTC Management, Inc. d/b/a Guardian Elder Care**

37. The Plaintiff hereby incorporates paragraphs 1 through 36 of the Complaint as though the same were set forth at length.

38. In the case of Scampone v. Highland Park Care Center, LLC, 618 Pa. 363, 57 A.3d 582 (2012), the Pennsylvania Supreme Court specifically held that skilled nursing facilities are subject to potential direct liability for negligence, where the requisite resident-entity relationship exists to establish that the entity owes the resident a duty of care.

39. It is believed and therefore averred that all of the aforementioned conduct of the facility and its authorized agents, servants, contractors, subcontractors, staff and/or partners, and employees, including, but not limited to, the nursing home administrator, nurses, certified nurses, nursing assistants, certified nursing assistants, and those persons granted privileges at the facility as outlined above, warrants a finding of corporate negligence based upon, among other things, the facility's failure to formulate, adopt, and enforce adequate rules and policies to ensure quality care for residents such as Arthur Kasper and a program to supervise and adequately assess and train staff members, particularly in infection control, prevention, skin and wound care..

40. The Defendants were independently negligent, careless, indifferent, and such negligence and carelessness was the proximate cause of the injuries sustained by Arthur Kasper.

41. The negligence and carelessness of the aforementioned Defendants included among other things, the following:

    a)     failing to select, hire, or retain competent staff, agents, servants, supervisors and employees;

    b)     failing to implement an adequate training program for staff members to ensure that they were trained in infection control, wound care and wound prevention;

    c)     failing to properly supervise and monitor the work of staff, agents, supervisors, servants and employees;

    d)     failing to properly staff the facility; and

    e)     failing to have in place prior policies and procedures to screen potential residents to determine whether the facility can adequately care for the resident without causing the resident injury.

42. The conduct of the Defendants, each of them, constituted a deviation from the recognized standard of care which was a cause in fact and a substantial factor in the injuries and damages sustained by Arthur Kasper.

43. The manner in which the aforementioned deviations from the standard of care occurred as well as the multiple notations of deficiencies and lack of compliance with federal and state regulations as documented on the Pennsylvania Department of Health website, indicated that there were systematic and systemic problems with the Defendants' care and treatment of Arthur Kasper and accounted for the injuries to him.

## **CERTIFICATE OF MERIT**

44. Plaintiff has filed contemporaneously with this Complaint the appropriate Certificate of Merit required by Pa. R.C.P. 1042.3.

WHEREFORE, your Plaintiff, Arthur Kasper, by and through his power of attorney, Chris bell, demands judgment and compensatory damages against the Defendants Milford Valley Convalescent Home, Inc. d/b/a Milford Healthcare and Rehabilitation Center and Guardian LTC Management, INc., d/b/a Guardian Elder Care, in an amount in excess of $75,000 dollars together with costs and all damages available pursuant to Pa. R.C.P. No. 238.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

By: s/Sean P. McDonough
Sean P. McDonough, Esquire
Attorney ID # 47428

Co-counsel for Plaintiff
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
smcdonough@dlplaw.com

KANTER, BERNSTEIN & KARDON, P.C.

BY: _____
MARTIN S. KARDON, ESQUIRE
Attorney ID # 26759

Co-counsel for Plaintiff
1617 JFK Boulevard, Suite 1150
Philadelphia, PA 19103
Phone (215) 568-5885
Fax (215) 568-1294
kardon@kbklaw.com